IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50423
Conference Calendar

_____

JUAN J. SANCHEZ,

                                        Plaintiff-Appellant,

versus

FRED BIERY, United
States District Judge;
ROBERT O'CONNOR, United
States Magistrate, UNITED
STATES DISTRICT COURT,
Western District of Texas,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-196
- - - - - - - - - - -

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

        Juan J. Sanchez, Texas prisoner # 577512, moves for leave
to proceed in forma pauperis (IFP), arguing that the district
court erred in dismissing his civil rights complaint against a
federal district court judge and a magistrate judge seeking
declaratory and injunctive relief in the form of the
reinstatement of his habeas corpus petition.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

By moving for IFP, Sanchez is challenging the district court's certification decision that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Sanchez is not entitled to collaterally attack the dismissal of his habeas petitions by filing a civil rights action. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Sanchez has failed to raise an issue of arguable merit. Because Sanchez has failed to show that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is DENIED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Sanchez's appeal is frivolous, and it is DISMISSED. 5TH CIR. R. 42.2.

The district court's dismissal of Sanchez's complaint and this court's dismissal of his appeal for frivolousness count as a third and fourth strike for purposes of 28 U.S.C. § 1915(g). Sanchez has accumulated two strikes prior to this appeal. See Sanchez v. Putska, No. 95-20917 (5th Cir. March 1, 1996); Sanchez v. T. West, No. 97-40940 (5th Cir. June 16, 1998). Therefore, Sanchez may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

APPEAL DISMISSED. 5th Cir. R. 42.2. SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).